# In re Luis Fernando MONCADA-Servellon, Respondent

File A42 962 578 - San Pedro

*Decided January 25, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The exception to deportability under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2000), for an alien convicted of possessing 30 grams or less of marijuana for his own use does not apply to an alien convicted under a statute that has an element requiring that possession of the marijuana be in a prison or other correctional setting.

FOR RESPONDENT: Elsa I. Martinez, Esquire, Los Angeles, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Martin C. Magat, Assistant Chief Counsel

BEFORE: Board Panel: COLE and PAULEY, Board Members; O'LEARY, Temporary Board Member.

PAULEY, Board Member:

In a decision dated June 30, 2005, an Immigration Judge terminated removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Honduras and a lawful permanent resident of the United States. In 1996, he was convicted in California of unlawfully driving or taking a vehicle in violation of section 10851(a) of the California Vehicle Code, a felony for which he was sentenced to 16 months in prison. Removal proceedings commenced, and in a decision dated November 18, 2004, an Immigration Judge determined that the respondent's conviction rendered him deportable from the United States under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), as an alien convicted of an "aggravated felony,"

because his crime was a "theft offense" for which the term of imprisonment was at least 1 year.  *See* section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (2000).  The respondent filed a timely appeal.  While his appeal was pending, the United States Court of Appeals for the Ninth Circuit decided *Penuliar v. Ashcroft*, 395 F.3d 1037 (9th Cir. 2005), which held that an alien's conviction under section 10851(a) of the California Vehicle Code did not qualify categorically as a conviction for a "theft offense" under section 101(a)(43)(G) of the Act.  *Id.* at 1044-46.  Accordingly, in a May 25, 2005 decision, we remanded the record to the Immigration Judge for further proceedings to consider the impact of *Penuliar* on the respondent's deportability.

On remand, the DHS lodged an additional charge of deportability against the respondent, asserting that he was removable under section 237(a)(2)(B)(i) of the Act as an alien convicted of a controlled substance violation on the basis of a 2000 conviction.  The record reflects that he was convicted of possession of marijuana while in prison in violation of section 4573.6 of the California Penal Code, a felony for which he was sentenced to 2 years' imprisonment.

In addition, the DHS requested that the Immigration Judge hold the respondent's removal proceedings in abeyance pending the outcome of a Government motion for reconsideration of the Ninth Circuit's decision in *Penuliar*.  However, the Immigration Judge dismissed both charges of deportability and terminated the removal proceedings.  Specifically, he concluded that the aggravated felony charge could not be sustained in light of *Penuliar*.  He further found that the controlled substance violation charge could not be sustained because the respondent's 2000 conviction arose from an offense that involved possession of 30 grams or less of marijuana for his own use, thereby placing it within the statutory exception to deportability in section 237(a)(2)(B)(i) of the Act.

## II.  AGGRAVATED FELONY CHARGE

While this appeal was pending, the Supreme Court reversed the Ninth Circuit's reasoning in *Penuliar* insofar as it found that aiding and abetting a theft is not itself a "theft offense" under section 101(a)(43)(G) of the Act.  *Gonzales v. Duenas-Alvarez*, ___ S. Ct. ___, No. 05-1629, 2007 WL 98723 (Jan. 17, 2007).  Accordingly, it is appropriate to sustain the DHS's appeal on this issue and remand the record to the Immigration Judge for further consideration of the aggravated felony charge.[1]

_____

[1]  We observe that the Supreme Court failed to consider, as outside the scope of its grant of certiorari, two arguments that were raised by the respondent in support of the result reached in *Penuliar*.

## III.  CONTROLLED SUBSTANCE VIOLATION CHARGE

As noted previously, the DHS also charged the respondent with deportability under section 237(a)(2)(B)(i) of the Act, which provides as follows:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), other than a single offense involving possession for one's own use of thirty grams or less of marijuana, is deportable.

The factual basis for this charge was the respondent's 2000 conviction for violating section 4573.6 of the California Penal Code, which provides in pertinent part:

> Unauthorized possession of controlled substances in prison, camp, jail, etc.
>
> Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited . . . , without being authorized to so possess the same by the rules . . . of the prison or jail, . . . is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years.

The record in the respondent's case reflects that his conviction arose from his possession of not more than 28.5 grams of marijuana, a controlled substance the possession of which is prohibited by section 11357(b) of the California Health and Safety Code.

This appeal calls upon us to decide whether the statutory exception to deportability for aliens convicted of  "a single offense involving possession for one's own use of 30 grams or less of marijuana" is applicable where the statute under which the alien was convicted has a formal element requiring that the possession of marijuana be in a prison or other correctional setting.[2] In resolving such questions of statutory interpretation, we look as always to the plain language of the statutory provision at issue. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)).  We do not view the language of statutory sections in isolation; instead, "'the words of a statute must be read in their context and with a view to their place in the overall statutory scheme,'" since it is only by reading the language in context that its meaning will become evident. *Food*

---

[2]  We thus have no occasion to opine on situations in which the above or a similar aggravating aspect of the offense is established by virtue of a statutory penalty enhancement for marijuana possession offenses, rather than, as here, being a formal element. *See Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19 (2000) (noting that a sentence enhancement is the "functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict").

*and Drug Administration v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (quoting *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989)); *see also Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *Brown v. Gardner*, 513 U.S. 115, 118 (1994). Specifically, in interpreting the Act, we should be guided to a degree by common sense, taking into account Congress' intention to enact "'a symmetrical and coherent regulatory scheme'" in which all parts are fit into an harmonious whole. *Food and Drug Administration v. Brown & Williamson Tobacco Corp.*, *supra*, at 133 (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569 (1995)).

Citing the absence of any explicit statutory language limiting the scope of the personal-use exception, the Immigration Judge determined that the respondent's conviction for possession of marijuana in prison did not constitute a valid factual predicate for a charge of deportability under section 237(a)(2)(B)(i) of the Act. In our view, however, the most natural, common-sense reading of the personal-use exception, viewed in its statutory context, is that it is directed at ameliorating the potentially harsh immigration consequences of the least serious drug violations only–that is, those involving the *simple possession* of small amounts of marijuana. The personal-use exception is not intended or understood by Congress to apply to offenses that are significantly more serious than simple possession by virtue of other statutory elements that greatly increase their severity. In this instance, the respondent was convicted of possessing marijuana in prison, an offense that is significantly more serious than "simple possession" because of the inherent potential for violence and the threat of disorder that attends the presence of drugs in a correctional setting.[3] We note in this regard that the offense is designated as a felony under California law, and that the respondent received a 2-year prison sentence for his crime. The same offense is also a Federal felony punishable by up to 5 years in prison. *See* 18 U.S.C. § 1791 (2000).

Again, we are mindful of our duty to construe the Act in accordance with common sense and Congress' intention to create a "symmetrical and coherent regulatory scheme." *Food and Drug Administration v. Brown & Williamson Tobacco Corp.*, *supra*, at 133. Yet the Immigration Judge's interpretation of the personal-use exception in this case expands the scope of the exception to encompass very serious drug offenses, thereby creating unnecessary tension between section 237(a)(2)(B)(i) and the many other provisions of the Act that clearly reflect Congress's intention to accord leniency only in cases involving simple possession offenses.[4] By construing the personal-use exception of

---

[3] A conviction for possession of a small amount of marijuana in or near a school could raise similar issues.

[4] Section 101(f)(3) of the Act (precluding aliens convicted of drug crimes from demonstrating "good moral character," but carving an exception for those convicted of "a single offense of simple possession of thirty grams or less of marihuana"); section

(continued...)

section 237(a)(2)(B)(i) in a manner that accords with the language and manifest purpose of the entire Act, we harmonize these disparate statutory sections into a complementary whole.

As the aforementioned discussion makes clear, we do not consider the language of the personal-use exception to be ambiguous as it relates to offenses involving possession of marijuana in prison. Even were we to assume that the language is ambiguous, however, we would nonetheless retain our common-sense interpretation of that language because such an interpretation finds explicit support in legislative history. Prior to 1981, aliens convicted of controlled substance violations, including simple possession of small amounts of marijuana, were subject to exclusion and deportation under former sections 212(a)(23) and 241(a)(11) of the Act, 8 U.S.C. §§ 1182(a)(23) and 1251(a)(11) (1976), and these grounds of exclusion and deportation generally could not be waived. This changed, however, upon enactment of sections 4(3) and 8 of the Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, 95 Stat. 1611, 1611-12, 1616, which amended section 212(h) and added former 241(f)(2) of the Act, 8 U.S.C. § 1251(f)(2) (1982), which created a discretionary waiver "for humanitarian purposes to ameliorate the hardship that an alien's deportation would cause to his United States citizen or lawful permanent resident relatives when the alien had been convicted of one simple possession of marihuana offense." *Matter of Grijalva*, 19 I&N Dec. 713, 715 (BIA 1988). The House Committee Report accompanying these amendments explained the rationale for the new provisions as follows:

---

[4] (...continued)

210(c)(2)(B)(ii)(III) of the Act, 8 U.S.C. § 1160(c)(2)(B)(ii)(III) (2000) (precluding aliens who are inadmissible for drug convictions from eligibility for a waiver to adjust status under the Special Agricultural Worker program, with the exception of those convicted of "a single offense of simple possession of 30 grams or less of marihuana"); section 212(h) of the Act, 8 U.S.C. § 1182(h) (2000) (making a discretionary waiver of inadmissibility available to aliens convicted of a drug crime, but only "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana"); section 244(c)(2)(A)(iii)(II) of the Act, 8 U.S.C. § 1254a(c)(2)(A)(iii)(II) (2000) (making aliens who are inadmissible for drug crimes ineligible for temporary protected status, but carving an exception for those convicted of "a single offense of simple possession of thirty grams or less of marijuana"); section 245(h)(2)(B) of the Act, 8 U.S.C. § 1255(h)(2)(B) (2000) (providing, with respect to adjustment of status applications filed by "special immigrants," that the Attorney General may waive the ground of inadmissibility relating to drug crimes to the extent that it is "related to a single offense of simple possession of 30 grams or less of marijuana"); section 245A(d)(2)(B)(ii)(II) of the Act, 8 U.S.C. § 1255a(d)(2)(B)(ii)(II) (2000) (precluding aliens who are inadmissible for drug convictions from eligibility for a waiver to adjust status under the legalization program, with the exception of those convicted of "a single offense of simple possession of 30 grams or less of marihuana").

> The second area requiring public legislation is section 212(a)(23) of the INA, which excludes from admission to the U.S. any person (including immediate relatives of U.S. citizens) convicted of a drug violation, no matter how minor. The private bills have demonstrated to the committee that this ground for exclusion has resulted in undue hardship to many U.S. citizens and the committee feels that the Attorney General should be vested with discretionary authority to waive this ground of exclusion as it relates to *simple possession* of marihuana. The Attorney General currently has authority to waive certain other grounds of exclusion on behalf of immediate relatives (i.e., criminal offenses, disease, and fraud). Most of the drug offenses which have come to the attention of the subcommittee are those where exclusion is based solely on *possession of small amounts of marihuana for one's own use*, such as one marihuana cigarette. In some cases, the records for marihuana possession have been expunged. In the committee's judgment, the denial of waiver authority for *minor* drug offenders under existing law is unreasonable and illogical, particularly when one considers that the Attorney General can currently exercise such authority for serious and even violent criminal offenders.

H.R. Rep. No. 97-264, at 12 (1981), *reprinted in* 1981 U.S.C.C.A.N. 2577, 1981 WL 21317 (emphasis added).[5] This discussion reflects that Congress was concerned with alleviating the consequences of only "minor" offenses involving the "simple possession" of small amounts of marijuana. It also confirms that the concepts of "simple possession" and "possession . . . for one's own use" were understood by Congress to be interchangeable, rather than contradictory.

The possession of less than 30 grams of marijuana in prison is both a State and Federal felony. It is neither a "minor" offense nor a "simple possession" offense. We therefore conclude that it does not fall within any exception to the section 237(a)(2)(B)(i) ground of deportability. Accordingly, we will sustain the DHS's appeal with regard to the section 237(a)(2)(B)(i) charge and remand the record for further proceedings to determine whether the respondent is eligible for, and deserving of, any form of relief from removal.

## IV. CONCLUSION

In conclusion, pursuant to the decision of the Supreme Court, we will sustain the DHS's appeal in regard to the section 237(a)(2)(A)(iii) aggravated felony charge and remand the record for further consideration of that charge. Likewise, because we conclude that the respondent's California conviction for possession of marijuana in prison constitutes a valid factual predicate for the charge of deportability under section 237(a)(2)(B)(i) of the Act and does not

---

[5] In 1990, the Act was liberalized once again to simply exclude minor marijuana possession offenses from the grounds of deportability, as is the case under current law. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 602(a), 104 Stat. 4978, 5080. As a consequence, the Government must prove that the alien's conviction does not fall within the exception. *Medina v. Ashcroft*, 393 F.3d 1063, 1065 n.5 (9th Cir. 2005) (citing *Sandoval v. INS*, 240 F.3d 577, 581 (7th Cir. 2001)).

fall within the scope of the personal-use exception, we will also sustain the DHS's appeal with regard to that charge.  On remand, the Immigration Judge may also consider the respondent's eligibility for relief from removal.

**ORDER:**    The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.