**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1351**

ERWIN RUBEN CESPEDES,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

**No. 13-1737**

ERWIN RUBEN CESPEDES,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted: September 27, 2013      Decided: October 11, 2013

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Stuart F. Delery, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Aimee J. Carmichael, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erwin Ruben Cespedes, a native and citizen of Bolivia, petitions for review of orders of the Board of Immigration Appeals ("Board") sustaining in part and dismissing in part his appeal from the immigration judge's order finding that he was removable and not eligible for cancellation of removal and denying the motion for reconsideration. We deny the petitions for review.

Under 8 U.S.C. § 1227(a)(2)(B)(i) (2006), an alien at any time after admission who is convicted of an offense relating to a controlled substance, "other than a single offense involving possession for one's own use of 30 grams or less of marijuana," is removable. The Board agreed with the immigration judge's finding that Cespedes' conviction for possession of marijuana with intent to sell, give or distribute, in violation of Va. Code Ann. § 18.2-248.1 (2009), was a controlled substance offense and that it was not a conviction that could include possession of marijuana for one's own use.

"When the issue on appeal 'turns on an interpretation of the [Immigration and Nationality Act] — a statute that the BIA administers — we afford the BIA deference under the familiar

3

Chevron[*] standard.'" Cervantes v. Holder, 597 F.3d 229, 232 (4th Cir. 2010) (quoting Midi v. Holder, 566 F.3d 132, 136 (4th Cir. 2009)). Under Chevron, "the plain meaning of the statute controls if the provision in question is unambiguous." Saintha v. Mukasey, 516 F.3d 243, 251 (4th Cir. 2008). If, however, "the statute is silent or ambiguous with respect to the specific issue before us, the question for this court becomes whether the BIA's interpretation 'is based on a permissible construction of the statute.'" Id. (quoting Chevron, 467 U.S. at 843).

The "personal use" exception on which petitioner relies "is directed at ameliorating the potentially harsh immigration consequences of the least serious drug violations only — that is, those involving the *simple possession* of small amounts of marijuana." Matter of Moncada-Servellon, 24 I. & N. Dec. 62, 65 (BIA 2007) (conviction for possession of marijuana in a prison did not qualify for the personal use exception). The exception is not intended to apply to offenses that are significantly more serious than simple possession "by virtue of other statutory elements that greatly increase their severity." Id.

---

[*] Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

4

We conclude that the Board did not err in finding that Cespedes' conviction was a controlled substance offense that did not include the possibility that he was convicted of possessing marijuana for his own use. We note that the statute includes elements that increase the severity of the offense beyond mere simple possession.

Because Cespedes is an alien who was found removable for having been convicted of a controlled substance offense, we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal. See 8 U.S.C. § 1252(a)(2)(C). Under 8 U.S.C. § 1252(a)(2)(D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Cespedes argues that the immigration judge abused his discretion by denying his motion for continuance to pursue a collateral attack of his underlying conviction based on ineffective assistance of counsel. An immigration judge "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2013). The Board will not overturn the denial of a continuance unless the alien was deprived of a full and fair hearing. Matter of Perez-Andrade, 19 I. & N. Dec. 433, 434 (BIA 1987). The alien must show actual prejudice or harm. Matter of Sibrun, 18 I. & N. Dec. 354, 356-57 (BIA 1983). We review the denial of

5

a motion for a continuance for abuse of discretion. Lendo v. Gonzales, 493 F.3d 439, 441 (4th Cir. 2007); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). We "must uphold the [immigration judge's] denial of a continuance 'unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group.'" Lendo, 493 F.3d at 441 (quoting Onyeme, 146 F.3d at 231). We conclude that the immigration judge's denial of the motion for a continuance was not an abuse of discretion.

Cespedes further argues that the Board abused its discretion by denying his motion for reconsideration and by finding that he was not eligible for cancellation of removal. A motion to reconsider must specify the errors of law or fact in the Board's prior decision. See 8 U.S.C. § 1229a(c)(6)(c) (2006); 8 C.F.R. § 1003.2(b) (2013). We review the denial of a motion for reconsideration for abuse of discretion. Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006).

Under 8 U.S.C. § 1229b(a) (2006), the Attorney General may cancel removal for certain permanent residents. The applicant must show that he has resided in the United States continuously for seven years after having been admitted in any status. The continuous period is terminated, as is relevant to

6

these petitions, when the alien has committed an offense referred to in 8 U.S.C. § 1182(a)(2) (2006), that renders him removable under § 1227(a)(2). 8 U.S.C. § 1229b(d)(1). Cespedes' conviction is such an offense. Cespedes bore the burden of showing that he was eligible for cancellation of removal. 8 U.S.C. § 1229a(c)(4) (2006).

We conclude that Cespedes failed to show that he had the requisite seven years' continuous presence to qualify for cancellation of removal. We further conclude that the Board did not abuse its discretion by denying reconsideration and denying Cespedes' request for a remand. Cespedes failed to show that he was eligible for cancellation of removal.

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>

7