OWEN, Circuit Judge,
dissenting:
With great respect, the majority opinion adopts a perverse construction of 8 U.S.C. § 1227(a)(2)(B)(i), and in particular, fails to give the words “other than” their natural and commonly-understood meaning. Congress chose to draft broadly when it said in this section of the Immigration and Nationality Act:
Any alien who at any time after admission has been convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... other than a single offense involving possession for one’s own use of 30 grams or less of marijuana, is depo’rtable.[1]
This language means that our analysis of whether Flores Esquivel was deportable begins with the universe of all controlled substance offenses. The “other than” exception that carves out the possession of marijuana for personal use from this universe is narrowly drawn. If a controlled substance offense is an offense “other than” “possession for one’s own use of 30 grams or less of marijuana,” then it is a deportable offense. Flores Esquivel was convicted under Texas law for possessing 4.6 grams (less than one ounce) of marijuana, but there was another element to his conviction. He was convicted of knowingly or intentionally possessing marijuana in a school zone.[2] This element of Esquivel’s conviction removes it from the exception in § 1227(a)(2)(B)(i), regardless of whether we apply a “circumstance-specific” approach[3] or a “categorical” approach[4] in construing and applying § 1227(a)(2)(B)(i).
The possession of marijuana in a drug-free zone — in this case, a school zone — is an offense that “involv[es]” something “other than” the mere possession of marijuana for one’s own use. The offense of possession of marijuana in a school zone focuses on potential or possible harms beyond those emanating from the offense of possession for one’s own use. Criminalizing possession of marijuana in a school *707 zone reflects concerns for potential harm beyond harm to the individual possessing the drug. Those concerns include, but certainly are not limited to, the apprehension that marijuana may be shared with a student, thereby adversely affecting or influencing someone other than the original possessor of the marijuana; that a student who is in possession may use the drug during or just before the school day to the detriment or disruption of the educational process; that a person in possession of marijuana on school property will smoke or ingest the drug while still on school property and then drive under the influence in a school zone; or that someone in possession of marijuana and under the influence will drive through a school zone.
In this case, Flores Esquivel admitted to smoking marijuana in the morning before attending class. He was escorted from class after a drug-sniffing canine detected marijuana in his car at 10:15 a.m. He consented to a search of his vehicle and told the principal that marijuana was present. The officer who conducted the search found a “joint” and several “roaches” in the ashtray and a plastic bag containing 3.1 grams of marijuana.
If 4.6 grams of marijuana had been found in Flores Esquivel’s home, clearly, he would not be deportable under § 1227(a)(2)(B)®. But when he took the additional step of bringing the marijuana into a drug-free zone, he committed an offense that differs from the offense of possession for one’s personal use. The BIA correctly recognized this distinction.
In an earlier decision, the BIA also correctly recognized that possession of less than 30 grams of marijuana in a prison or other correctional setting is an offense that is outside the narrow exception for possession for one’s own use in § 1227(a)(2)(B)®.[5] The BIA recognized that “the statute under which the alien was convicted has a formal element requiring that the possession of marijuana be in a prison or other correctional setting.”[6] The BIA further reasoned that “the respondent was convicted of possessing marijuana in prison, an offense that is significantly more serious than ‘simple possession’ because of the inherent potential for violence and the threat of disorder that attends the presence of drugs in a correctional setting.”[7] In the case presently before us, the Texas statute under which Flores Esquivel was convicted had as a formal element the requirement that the possession of the marijuana be in a school zone. As already discussed, the rationale for creating such an offense and authorizing punishment more severe than that for mere possession of marijuana for personal use is the potential for harm to others and for disorder that bringing marijuana onto a school campus creates.
The majority opinion’s holding requires future panels of our court to conclude that possession of less than 30 grams of marijuana in a prison is also within the exclusion in § 1227(a)(2)(B)®. The test, the majority opinion says, is simply this:
According to its plain language, then, the exception applies if four elements are met — the offense must be (1) a single offense; (2) involving possession for one’s own use; (3) of 30 grams or less; (4) of marijuana. See In re Davey, 26 I. & N. Dec. 37, 39 (BIA 2012) (“[The personal-use exception] refers not to a common generic crime but rather to a specific type of conduct (possession for one’s own use) committed on a specific number of occasions (a ‘single’ offense) and involving a specific quantity (30 grams or less) of a specific substance *708 (marijuana).”)- Here, Flores has presented evidence — and the government has not disputed — that these four elements are met: Flores’s 2003 conviction was his first; it was for possession for his own use, not for distribution; and he possessed 4.6 grams of marijuana. Thus, we can reach no conclusion other than that the exception applies.[8]
This same analysis would apply in a case in which a person had been convicted of possessing marijuana in prison. If the offense has these four elements, it matters not that the offense also has one or more other elements, the majority opinion says. But such an analysis achieves the opposite of what § 1227(a)(2)(B)(i) directs. The majority opinion gives no effect to the words “other than” in § 1227(a)(2)(B)®. The offense of possession of marijuana in a’prison (or a school zone) has an element “other than” possession of less than 30 grams for one’s own use.
Other aspects of the majority opinion’s reasoning are suspect. The opinion states that the BIA (and my) interpretation of the personal use exception “produces anomalous and arbitrary consequences ... because some states do not distinguish between possession in a school zone and possession generally.”[9] Does this mean that unless all fifty states enact a prohibition of possession of marijuana in a prison, Congress intended for such an offense to come within the personal use exclusion? If all fifty states were to distinguish between possession generally and possession in a prison, would the meaning of the personal use exception change? Whether some states have or have not enacted an offense that has elements in addition to possession of less than 30 grams of marijuana does not bear on how we are to interpret the language that Congress chose. Congress said that all offenses “relating to a controlled substance” result in an alien being deportable unless the offense is one “other than” a conviction for “possession for one’s own use of 30 grams or less of marijuana.” Possession of marijuana in a school zone or in a prison is an offense “other than” possession for one’s own use because those offenses have an element that possession for one’s own use does not have.
Courts routinely recognize that criminal statutes may largely overlap, but if an offense has one element that is in addition to the elements of an otherwise identical statute, then there are two offenses. For example, battery can be defined as an offensive touching.[10] But if the battery is accompanied by the brandishment of a deadly weapon, the offense may be something other than simple battery and termed aggravated battery with a correspondingly greater penalty.[11]
I also note that although the Supreme Court has not addressed the issue in the present case, there is an indication that the Court generally agrees with the BIA’s view of the personal possession of marijuana exception in § 1227(a)(2)(B)®. In Padilla v. Kentucky, the Court explained that this section “addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses.”[12] Possession of marijuana in a school zone or in a prison are not trivial offenses.
One may ask, what difference does the majority opinion’s holding today make in *709 light of our court’s decision in Calix v. Lynch ?[13] We held in Calix that the stop-time rule considers whether an alien would be inadmissible under § 1182(a)(2), or would be removable under § 1227(a)(2). We concluded that because the alien was inadmissible under § 1182(a)(2), due to a conviction for possession of marijuana, the stop-time rule applied.[14] It was accordingly irrelevant whether he was also removable under § 1227(a)(2).' Presumably, in the present case, on remand to the BIA, it will be determined that Flores Esquivel would be inadmissible under § 1182(a)(2) because of his conviction for possession of marijuana, and Flores Esquivel will be found removable because of the application of the stop-time rule. Nevertheless, today’s decision matters because it has authoritatively construed § 1227(a)(2)(B)(i). In a case in which only removability is at issue, and not the stop-time rule, today’s decision will be controlling in this Circuit.
I would deny the petition, and I accordingly dissent.

. 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added).

. Tex. Health and Safety Code Ann. §§ 481.121(b)(1), 481.134(f)(1) (West 2003).

. See Nijhawan v. Holder, 557 U.S. 29, 34, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009).

. See Taylor v. United States, 495 U.S. 575, 577, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

. In re Moncada-Servellon, 24 I. & N. Dec. 62, 65 (BIA 2007).

. Id. at 64 (emphasis added).

. Id. at 65.

. Ante at 702.

. Ante at 704-05.

. See Wayne R. LaFave, Criminal Law § 16.2(a) (5th ed.2010).

. Id. § 16.2(d).

. 559 U.S. 356, 368, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

. 784 F.3d 1000 (5th Cir.2015).

. Id. at 1011-12.