**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1337
_____

MOHAMED SAMBARE,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A058-305-898)
Immigration Judge:  Honorable Kuyomars Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a):
March 8, 2019
_____

Before:  AMBRO, RESTREPO, GREENBERG,
*Circuit Judges*.

(Filed:  May 28, 2019)

Raymond G. Lahoud
Norris McLaughlin & Marcus
515 West Hamilton Street
Suite 502
Allentown, PA 18101
        *Counsel for Petitioner*

Erik R. Quick
Marina Carin Stevenson
United States Department of Justice
Office of Immigration Litigation
450 5th Street, N.W.
P.O. Box 878
Washington, DC 20001
        *Counsel for Respondent*

_____

OPINION

_____

RESTREPO, *Circuit Judge*.

Petitioner Mohamed Sambare seeks review of the decision of the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an order of removal entered by the Immigration Court. In particular, Sambare asserts that the BIA erred in finding that his conviction under Pennsylvania's statute criminalizing driving under the influence of a controlled substance, 75 Pa. Cons. Stat. § 3802(d)(1)(i) ("Pennsylvania DUI Statute"), constituted a conviction for a "violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . , other than a single offense involving possession

2

for one's own use of 30 grams or less of marijuana" pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). We disagree, and thus we will deny the Petition.

**I.**

Sambare is a thirty-one-year-old native of Côte d'Ivoire and a citizen of Burkina Faso. In 2006, Sambare was admitted to the United States as a lawful permanent resident. In the years following his admission to the United States, Sambare was convicted of various crimes, including credit card theft and forgery. In connection with these convictions, U.S. Immigration and Customs Enforcement ("ICE") initiated removal proceedings in August 2013, when Sambare returned to the United States from Ghana, where he was visiting his mother. ICE asserted that Sambare was inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), insofar as it alleged that Sambare previously had been convicted of "crime[s] involving moral turpitude." In October 2013, however, an Immigration Court granted Sambare's application for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) and thus restored his status as a lawful permanent resident.

In September 2015, police in York County, Pennsylvania, stopped Sambare in his vehicle after he allegedly made an illegal U-turn. During the traffic stop, the officer informed Sambare that he detected the scent of marijuana, and Sambare—who at one point provided a false name to the officer—admitted that he had smoked marijuana prior to operating the vehicle. Pursuant to a subsequent drug screening, Sambare tested positive for marijuana in his system. The Commonwealth charged Sambare with, among other crimes, driving under the influence of a Schedule I controlled substance, in violation of the Pennsylvania DUI Statute. In

3

April 2016, Sambare pleaded guilty to violating the Pennsylvania DUI Statute.

As a result of Sambare's conviction for violating the Pennsylvania DUI Statute, the U.S. Department of Homeland Security initiated removal proceedings, asserting that Sambare's conviction was for a "violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana" under 8 U.S.C. § 1227(a)(2)(B)(i). The Immigration Court found that Sambare was removable, concluding that his violation of the Pennsylvania DUI Statute "is a completely different type of offense involving being under the influence of marijuana and . . . fall[s] outside of the exception" for possession of thirty grams or less of marijuana for personal use.[1] App. 18A. On appeal, the BIA "disagree[d] with [Sambare]'s argument that his controlled substance conviction falls within the scope of the 'possession for personal use' exception in [8 U.S.C. § 1227(a)(2)(B)(i)]" and concluded that his "conviction

---

[1] The Immigration Court also denied Sambare's application for asylum and withholding of removal under the Immigration and Nationality Act of 1965 and withholding and deferral of removal under the United Nations Convention Against Torture. On appeal, Sambare only challenged the Immigration Court's decision with respect to the Pennsylvania DUI Statute. Because the sole issue before us is whether Sambare's conviction under the Pennsylvania DUI Statute falls within the "possession for personal use" exception under 8 U.S.C. § 1227(a)(2)(B)(i), we only have included the details of the Immigration Court's decision insofar as they relate to this issue.

4

encompasses more than simply ingesting marijuana for personal use." *Id.* at 8A. The BIA reasoned that Sambare's conviction "is associated with the prohibition of driving, operating, or actual physical control of the movement of a vehicle . . . while there is a controlled substance in the individual's blood" and that such a conviction "is more serious than simple possession." *Id.* The BIA thus dismissed Sambare's appeal, and he petitions this Court for review of the BIA's decision.

## II.

The BIA exercised jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3), 1240.15. The Immigration and Nationality Act of 1965 places restrictions on the jurisdiction of our Court to review final orders of removal. As relevant to this case, the Act restricts our jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)[](B)," which relates to controlled substances. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, "to determine whether the necessary jurisdiction-stripping facts are present in a particular case, specifically . . . whether [an alien] has been convicted of one of the enumerated offenses." *Borrome v. Attorney Gen.*, 687 F.3d 150, 154 (3d Cir. 2012). Thus, subject to the principles of deference espoused in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), we review *de novo* the BIA's legal determination that Sambare's conviction under the Pennsylvania DUI Statute constituted a conviction for a "violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of

marijuana" pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).[2]  *See Denis v. Attorney Gen.*, 633 F.3d 201, 205–06 (3d Cir. 2011).

The sole issue in this case is whether the Court can interpret the word "involving" in such a broad manner so as to construe Sambare's conviction for violating Pennsylvania's DUI Statute as a conviction for "a single offense involving possession for one's own use of 30 grams or less of marijuana," the effect of which would be to enable Sambare to avail himself of the "possession for personal use" exception to removability contained in  8 U.S.C. § 1227(a)(2)(B)(i).  Sambare urges us to analyze this issue by applying the categorical approach, which is "a method often used to ascertain whether a prior conviction 'fits' the definition of a generic federal predicate offense for purposes of certain immigration or sentencing consequences." *Rojas v. Attorney Gen.*, 728 F.3d 203, 214 (3d Cir. 2013) (en banc).  Under the categorical approach, a court "determine[s] only whether a conviction under [a] state statute 'necessarily' contained all of the elements of the [relevant] federal baseline offense."  *Id.*  To make such a determination, a court "compar[es] the elements of the state and federal crimes," rather than "delv[ing] into the particular facts of a conviction[,] to ascertain if there is a proper fit." *Id.* at 214–15.

The categorical approach, however, is inapplicable here.  We previously have refused to apply the categorical or

---

[2]  We need not decide whether we should accord deference under *Chevron* to the BIA's legal determinations because, even applying a *de novo* standard, we would deny Sambare's Petition.

"modified categorical"[3] approach to determine whether a state conviction "*relate[d] to* a controlled substance" under 8 U.S.C. § 1227(a)(2)(B)(i), *see id.* at 215 (emphasis added), and we now similarly refuse to apply the categorical or modified categorical approach to determine whether Sambare's conviction "*involve[s]* possession for one's own use of 30 grams or less of marijuana," 8 U.S.C. § 1227(a)(2)(B)(i). This is not a case in which the Court "must compare the defendant's or the noncitizen's conviction to a 'generic crime' such as 'burglary' or 'theft,'" a task for which application of the categorical approach would be appropriate. *Rojas*, 728 F.3d at 215. Rather, we are presented with the quite *specific* "crime" of "a single offense *involving* possession for one's own use of 30 grams or less of marijuana," 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added), and thus it is proper for us to consider simply "the text of the law," *Rojas*, 728 F.3d at 216.

"In cases of statutory interpretation, 'we begin by looking at the terms of the provisions [at issue] and the commonsense conception of those terms.'" *Rojas*, 728 F.3d at 208 (alteration in original) (internal quotation marks omitted) (quoting *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 573

---

[3] The modified categorical approach "permits a slight deviation . . . from the baseline rule that an inquiring court may not look into the particular circumstances of a conviction." *Rojas*, 728 F.3d at 215. If a "statute of conviction lists elements in the alternative, some of which fit the federal definition and some of which do not," under the modified categorical approach, "a court is permitted 'to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction.'" *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

(2010)).  The "commonsense conception" of the phrase "possession for one's own use of 30 grams or less of marijuana" is that Congress was referring to the crime of "simple possession" of a small amount of marijuana, exempting from the harsh immigration consequence of removal those convicted of a misdemeanor drug crime that is only punishable in Pennsylvania, for example, by thirty days' imprisonment and/or a $500 fine.  *See* 35 Pa. Cons. Stat. § 780-113(g); *see also In re Moncada-Servellon*, 24 I. & N. Dec. 62, 65 (2007) ("[T]he most natural, common-sense reading of the personal-use exception, viewed in its statutory context, is that it is directed at ameliorating the potentially harsh immigration consequences of the least serious drug violations only—that is, those involving the simple possession of small amounts of marijuana.").  In this case, however, Sambare was not convicted of simple possession of a small amount of marijuana—he was convicted of operating a vehicle under the influence of marijuana in violation of the Pennsylvania DUI Statute, which undoubtedly is a more serious offense than simple possession.  The touchstone of laws prohibiting simple possession of marijuana (and the relaxed penalties associated with such laws) is that any consequences of such possession of marijuana are normally *personal* to the possessor and do not affect a wide population of people in any immediate way.  *See, e.g.*, 35 Pa. Cons. Stat. § 780-113(a)(31) (prohibiting "possession of a small amount of mari[j]uana only for *personal* use" and the distribution of a small amount of marijuana for a purpose other than sale (emphasis added)).  In contrast, Sambare's crime of conviction—violation of the Pennsylvania DUI Statute—is intended to protect the general public on our roads and highways from persons whose ability to operate a vehicle may be impaired due to the effects of, among other things, marijuana use.  *See Commonwealth v. Griffith*, 32 A.3d

8

1231, 1238 (Pa. 2011) (holding that the "statutory framework with regard to prohibitions against driving after drug usage" is similar to that with respect to driving after consuming alcohol, the "focus of [which] remains on the *inability of the individual to drive safely*" (emphasis added)). Therefore, Sambare's conviction under the Pennsylvania DUI Statute for driving under the influence of marijuana, to which he pleaded guilty, is a more serious crime than simple possession of a small amount of marijuana, and we decline to interpret the word "involving" in such a broad way so as to construe a conviction under the Pennsylvania DUI Statute as a "a single offense involving possession for one's own use of 30 grams or less of marijuana" under 8 U.S.C. § 1227(a)(2)(B)(i). *See Moncada-Servellon*, 24 I. & N. Dec. at 65 ("The personal-use exception is not intended or understood by Congress to apply to offenses that are significantly more serious than simple possession by virtue of other statutory elements that greatly increase their severity.").

**III.**

Therefore, Sambare's conviction for a violation of the Pennsylvania DUI Statute constituted a conviction for a "violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana" pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). Accordingly, we will deny Sambare's Petition because we lack jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). *See* 8 U.S.C. § 1252(a)(2)(C).