**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2086
_____

DEMBO SANNOH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A096-258-047)
Immigration Judge: Kuyomars Z. Golparvar

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 25, 2021

Before: JORDAN, MATEY, *Circuit Judges*, and HORAN,[*] *District Judge*

(Opinion filed: March 1, 2021)

_____

OPINION[**]

_____

---

[*] Honorable Marilyn J. Horan, District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Dembo Sannoh, a citizen of Sierra Leone and formerly lawful permanent resident, was found with nearly a pound of marijuana. His subsequent conviction for drug trafficking led the Government to seek his removal. Sannoh unsuccessfully challenged that effort, and we find no error in the conclusions reached by the Board of Immigration Appeals. So we will deny Sannoh's petition.

## I. BACKGROUND

After admission to the United States, Sannoh became a lawful permanent resident. A conviction for possession with intent to deliver .947 pounds (about 430 grams) of marijuana (a felony) and conspiracy to possess a controlled substance (a misdemeanor) followed. As a result, the Government charged Sannoh with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i).

Citing his sexuality, Sannoh then applied for withholding of removal and protection under the Convention Against Torture ("CAT"). The immigration judge ("IJ") denied Sannoh's applications, holding that his conviction for drug trafficking was presumptively a particularly serious crime barring relief. And the IJ found that Sannoh failed to establish he would face torture in Sierra Leone. The BIA reached the same result and dismissed his appeal.

# I. DISCUSSION[1]

Conviction for a "particularly serious crime," 8 U.S.C. § 1231(b)(3)(B)(ii), including "aggravated felonies involving unlawful trafficking in controlled substances," precludes withholding of removal. *Matter of Y-L-*, 23 I. & N. Dec. 270, 274 (A.G. 2002). A rare exception exists for convictions involving only a "very small quantity of controlled substance." *Id.* at 276. But the IJ and the BIA found that Sannoh's crime exceeded that amount.[2]

We find no error in that conclusion. Although there is little guidance on the precise meaning of a "very small amount," Congress used a 30-gram threshold in other sections of the INA. *See, e.g.*, *Sambare v. Att'y Gen.*, 925 F.3d 124, 128 (3d Cir. 2019); *see also* 8 U.S.C. § 1227(a)(2)(B)(i) (removal exception for drug offenses involving 30 grams or less of marijuana for personal use); 8 U.S.C. § 1182(h) (waiver of inadmissibility exception for a single simple possession offense involving 30 grams or less). In other immigration contexts, we have held that 120.5 grams of marijuana is not a "small amount." *Catwell v. Att'y Gen.*, 623 F.3d 199, 209 (3d Cir. 2010). Following that guidance, it is not

---

[1] We have jurisdiction over final orders of the BIA under 8 U.S.C. § 1252. As the BIA adopted the IJ's opinion, we review the IJ's decision to decline CAT protection for substantial evidence. *Romero v. Att'y Gen.*, 972 F.3d 334, 341–42 (3d Cir. 2020). Under this "extraordinarily deferential" standard, we uphold the IJ's determination if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011). We review legal questions, the application of law to fact, and the BIA's particularly serious crime determination de novo. *Luziga v. Att'y Gen.*, 937 F.3d 244, 251–52 (3d Cir. 2019).

[2] Sannoh did not challenge the BIA's determination that his offense was particularly serious crime; we therefore do not address that issue here.

unreasonable for the Board to hold that 430 grams is not a very small amount and we will affirm that decision.

Despite his conviction for a particularly serious crime, Sannoh remains eligible for deferral of removal under the CAT. *See* 8 C.F.R. § 1208.17(a). To establish eligibility for deferral of removal under the CAT, an alien must prove "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). This torture must be at the hands of the government, or it must occur through the "acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1). Sannoh does not satisfy that standard.

The IJ found that it was likely Sannoh's sexuality might produce discrimination and social stigma in Sierra Leone, but not mistreatment amounting to outright torture. (A.R. at 56.) Sannoh points to the violence he witnessed in 1999, and the murder of an activist in 2004, but the BIA found those incidents did not compel the conclusion that Sannoh is more likely than not to face torture today. That conclusion is not incorrect, for torture concerns "gross human rights abuses on a large scale." *See Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003). Sannoh has not established that the government of Sierra Leone acquiesced to the violence he recounts, nor, beyond references to country reports, demonstrated current governmental acquiescence to violent acts. *See Grijalva Martinez v. Att'y Gen.*, 978 F.3d 860, 871 (3d Cir. 2020).

## III. CONCLUSION

For these reasons, we will deny Sannoh's petition for review of his administrative order of removal.