NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2144

_____

ROBERT MICHAEL HARRIOTT,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-428-091)
Immigration Judge: Alice Song Hartye

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2021

Before:  MCKEE**, SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: May 8, 2025)
_____

OPINION*
_____

PER CURIAM

        Robert Michael Harriott petitions pro se for review of a final order of removal.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
** Honorable Theodore A. McKee, United States Circuit Judge for the Third Circuit,
assumed Senior Judge Status on October 21, 2022.

For the reasons that follow, we will deny the petition in part and dismiss it in part.

I.

Harriott is a citizen of Jamaica. He entered the United States in 1996, when he was 25 years old, and became a conditional lawful permanent resident in January 2005 after he married a U.S. citizen. Harriott and his spouse subsequently divorced in July 2005.

In 2007, Harriott applied to remove the conditional status on his permanent residency, maintaining that although his marriage had ended in divorce, it was entered into in good faith. His conditional status was ultimately terminated in 2009, retroactive to 2007, after he sought to reschedule an in-person interview but ultimately did not do so within the permitted time period.

Harriott was issued a notice to appear in 2019, charging him as removable on two grounds: (1) because his conditional residency status was terminated; and (2) because he was convicted in 2008 of two controlled substance possession offenses involving crack cocaine under 35 Pa. Stat. § 780-113(a)(16). Harriott applied for a waiver to remove the conditional status on his permanent residency pursuant under 8 U.S.C. § 1186a(c)(4), again arguing that his marriage was entered into in good faith.

An Immigration Judge ("IJ") sustained Harriott's charges of removability after Harriott admitted that his permanent residency status was terminated in 2007 and

2

admitted to his 2008 convictions. After holding an individual hearing, the IJ denied

Harriott's waiver application.

On appeal to the Board of Immigration Appeals ("BIA"), Harriott challenged his

removability due to his convictions and argued that he had been in a good faith marriage

for purposes of his waiver application. The BIA affirmed the IJ's determination that

Harriott was removable due to his convictions. In doing so, the BIA applied the modified

categorical approach to determine that Harriott was convicted of possessing crack

cocaine, which constitutes a controlled substance for purposes of the removal statute.

The BIA did not address Harriott's other ground for removability, which Harriott had not

challenged. The BIA also agreed with the IJ that based on the record, Harriott had not

established that his marriage to his wife was entered into in good faith.[1] Harriott timely

petitioned for review.

II.

We have jurisdiction to review Harriott's final order of removal pursuant to U.S.C.

§ 1252(a)(1), subject to the discussion below. We retain jurisdiction to review Harriott's

colorable constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D);

---

[1] Harriott also initially applied for cancellation of removal. The IJ denied that application, concluding both that Harriott was statutorily ineligible and that he did not warrant cancellation in the exercise of discretion. The BIA concluded that Harriott waived this issue on appeal, and Harriott does not raise it in his brief. Harriott also argued before the IJ that he was entitled to a waiver on other grounds in addition to his marriage, but he did not challenge the denial of relief on those alternative grounds before the BIA and does not raise them in his brief.

3

see also Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).

## III.

On review, Harriott challenges the agency's determination that he was convicted of a removable controlled substance offense. He does not challenge the agency's decision to apply the modified categorical approach. Instead, he appears to argue that the agency misapplied that approach. Specifically, he argues that his record of conviction did not specify which controlled substance he possessed, that the substance he possessed was field tested inaccurately because police tests are biased, and that he agreed only to a general plea that did not specify a controlled substance.

The administrative record does not support Harriott's arguments. His guilty plea documents explicitly state that he pleaded guilty to two crack cocaine possession offenses.[2] See Moncrieffe v. Holder, 569 U.S. 184, 191 (2013) ("[A] court may determine which particular offense the noncitizen was convicted of by examining . . . the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea.") (internal quotation marks and citation omitted). Harriott's charging documents also specify that the substances he was found to possess were field tested and

---

[2] Harriott's guilty plea was set out in two documents: an entry of plea filing, and a guilty plea agreement. Each document was signed and dated by Harriot and his attorney on the same date. The former specified that Harriott was pleading guilty to two counts of § 780-113(a)(16) for possessing crack cocaine, while the latter memorialized the specific terms of his plea agreement. Harriott bases his arguments on the latter document but does not acknowledge that he signed and filed the former document. He also does not challenge the agency's reliance on his entry of plea filing in concluding that he had committed a removable controlled substance offense.

4

found to contain cocaine. See United States v. Abbott, 748 F.3d 154, 159 (3d Cir. 2014) (concluding that a court properly applied the modified categorical approach to a conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) when it "looked to the charging document to determine which alternative element had been proved" and determining that it "specified that the drug at issue was crack cocaine"). Taken together, these documents make clear that Harriott pleaded guilty to possessing crack cocaine. Accordingly, the agency did not err in concluding that Harriott was convicted of crack cocaine offenses and was removable on that basis.

Harriott next challenges the agency's denial of a waiver of his conditional permanent residency status due to his marriage. Because the agency appears to have correctly analyzed Harriott's challenge to his removability based on his controlled substance convictions per 8 U.S.C. § 1227(a)(2)(B)(i), our jurisdiction is limited to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Sambare v. Att'y Gen. of the U.S., 925 F.3d 124, 127 (3d Cir. 2019). Further, we lack jurisdiction to review "the discretionary denial of waivers under 8 U.S.C. § 1186a(c)(4)." Urena-Tavarez v. Ashcroft, 367 F.3d 154, 161 (3d Cir. 2004).

Harriott maintains that a letter from his ex-wife should have been sufficient to support his waiver application, that it was difficult to remember events from 15 years ago, that he was unprepared for the hearing, and that he could have provided additional testimony that he did not provide during his hearing. However, we lack jurisdiction to consider Harriott's factual challenges to the agency's determination.

5

Harriott also briefly claims that there were unidentified issues with the video footage during his individual hearing, that the government attorney was aggressive, and that the judge did not give him a lot of time to explain his case. Beyond those generalized statements, Harriott provides no details about any specific issues during his individual hearing, and none are apparent from the record. Under these circumstances, Harriott has not raised any colorable legal or constitutional claims regarding his waiver application that we have jurisdiction to review.

Accordingly, we will deny Harriott's petition to the extent that he challenges his removability, and dismiss it to the extent that he challenges the denial of a § 1186a(c)(4) waiver.