**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WESLEY KEITH EDDY,

      Defendant - Appellant.

No. 07-5081

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 06-CR-137-001-CVE)**

---

Leena Alam, Assistant United States Attorney (David E. O'Meilia, United States Attorney, Northern District of Oklahoma, on the brief), Tulsa, Oklahoma, for Plaintiff - Appellee.

Barry L. Derryberry, Research and Writing Specialist (Julia L. O'Connell, Assistant Federal Public Defender, on the brief), Office of the Federal Public Defender, Northern District of Oklahoma, Tulsa, Oklahoma, for Defendant - Appellant.

---

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Defendant-Appellant Wesley Keith Eddy appeals from his conviction, after

a jury trial, for possession with intent to distribute marijuana (Count 1) and for

distribution of marijuana (Count 2), both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and for possession of a firearm in furtherance of a drug trafficking crime (Count 3) in violation of 18 U.S.C. § 924(c)(1)(A)(i). Mr. Eddy was sentenced to 61 months' imprisonment followed by five years' supervised release. On appeal, Mr. Eddy argues that the district court committed plain error when it failed to instruct the jury that distribution of a small amount of marijuana for no remuneration constitutes simple possession under 21 U.S.C. § 841(b)(4), punishable as a misdemeanor, and that if the conviction on Count 2 is invalid, Count 3 should also be reversed because Count 2 was an alternative predicate for Count 3. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Background

On June 25, 2006, an officer conducted a traffic stop of a car driven by Mr. Eddy. As the officer leaned down to look into the car, he smelled a strong odor of burnt marijuana emanating from the inside of the car. Mr. Eddy said his license was suspended and he did not have insurance. The officer placed him in his patrol car and smelled burnt marijuana on Mr. Eddy as well. Upon searching the backpack, the officer found two bags of marijuana, a handgun loaded with two rounds, spent casings, a box of sandwich bags, digital scales, tape, and a marker. A smaller bag of marijuana was in the console of the vehicle. A passenger in the vehicle, Randy Teets, testified that two days prior to the traffic stop he and Mr.

-2-

Eddy picked up a girl known as Jolena and drove to "the Flying J's." While Mr. Teets purchased cigarettes, Mr. Eddy apparently purchased marijuana. Then they drove Jolena back to where they picked her up, and Mr. Eddy gave her some marijuana from a bag Mr. Teets estimated to contain about a pound of marijuana. Mr. Teets presumed that Mr. Eddy gave the marijuana to Jolena for helping him obtain the pound.

A jury convicted Mr. Eddy on all three counts, and the district court sentenced him to one month on Counts 1 and 2, to be served concurrently, and to five years on Count 3, to be served consecutively to Counts 1 and 2.

Discussion

Mr. Eddy did not request the district court to instruct the jury that distribution of a small amount of marijuana for no remuneration is a lesser-included offense of distribution. See 21 U.S.C. § 841(b)(4); Fed. R. Crim. P. 31(c). The Federal Rules of Criminal Procedure provide that "[a] defendant may be found guilty of . . . an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c)(1). A defendant is entitled to an instruction on a lesser-included offense if the evidence justifies it. See United States v. Humphrey, 208 F.3d 1190, 1206 (10th Cir. 2000). Mr. Eddy argues that failure to instruct on a lesser-included offense is constitutional error. However, our precedent is clearly to the contrary. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) ("The

Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, and neither has this court.") (citation omitted).

Our precedent is not entirely clear whether a district court's refusal to <u>sua sponte</u> give a lesser-included offense instruction is even entitled to appellate review or whether we review for plain error.  <u>See</u> <u>United States v. Thompson</u>, 518 F.3d 832, 866 (10th Cir. 2008).  We do not decide the issue because Mr. Eddy's claim fails even applying plain error review.  <u>See</u> <u>id.</u>; <u>United States v. Bruce</u>, 458 F.3d 1157, 1164 (10th Cir. 2006).  We reverse for plain error when there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 732 (10th Cir. 2005) (quotation omitted).  To meet this fourth prong, Mr. Eddy must demonstrate that the error "is both particularly egregious and our failure to notice the error would result in a miscarriage of justice."  <u>Id.</u> at 736 (quotations omitted).

The district court did not commit error, plain or otherwise, in not <u>sua sponte</u> instructing the jury on § 841(b)(4) as a lesser-included offense.  First, though the parties have not directly addressed it, § 841(b)(4) is not a lesser-included offense of distribution under § 841(a)(1), (b)(1)(D), but rather a sentencing provision.  It provides:

Notwithstanding paragraph (1)(D) of this subsection, any person who

> violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18.

21 U.S.C. § 841(b)(4). This is a mitigation exception for sentencing purposes, not a lesser-included offense of distribution under § 841(b)(1)(D). See Wilson v. Ashcroft, 350 F.3d 377, 380 n.2 (3d Cir. 2003); United States v. Hamlin, 319 F.3d 666, 670–71 (4th Cir. 2003). First, the introductory phrase of § 841(b)(4), "Notwithstanding paragraph (1)(D) of this subsection," indicates that distribution of a small amount of marijuana for no remuneration under § 841(b)(4) falls under the penalty provision of § 841(b)(1)(D), and may be considered an exception to the penalty otherwise applicable under that subsection. United States v. Outen, 286 F.3d 622, 637 (2d Cir. 2002). Second, the activity described by § 841(b)(4), the social sharing of marijuana among friends, is punished in a manner similar to simple possession under § 844 suggesting that this activity is akin to simple possession and not a lesser degree of distribution. See id. at 637–38 (relying on the legislative history of this amendment indicating that social sharing should be treated differently than trafficking).

Further, a line of cases considering the applicable statutory maximum for Apprendi purposes held that § 841(b)(1)(D) is the "baseline" or "default" provision whereas § 841(b)(4) is a mitigating exception to distribution under § 841(b)(1)(D). See Hamlin, 319 F.3d at 670–71 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and collecting cases). Were there any doubt, § 841(b)(1)

-5-

includes the element of "no remuneration," an element that distribution under §

841(a)(1), (b)(1)(D) does not require. See Schmuck v. United States, 489 U.S.

705, 716 (1989) ("Where the lesser offense requires an element not required for

the greater offense, no instruction is to be given under Rule 31(c).").

Moreover, the evidence at trial did not support application of the provision.

Mr. Teets testified that

> [he and Mr. Eddy] went, and we picked up Jolena, and then we went to the Flying J's on the east side of Tulsa. And he picked up a pound of marijuana. I didn't see it. At the time, I went in and got a pack of cigarettes, and I came back out. And we went back and dropped Jolena off. And then he pulled out a sack of marijuana, a pound of marijuana, and he gave Jolena some, I guess, for getting him—getting him the pound.

III Aplt. App. at 70.

The statute defines "distribute" broadly as "to deliver . . . a controlled

substance" where "deliver" is defined as "the actual, constructive, or attempted

transfer . . . whether or not there exists an agency relationship." 21 U.S.C. §

802(8), (11). Thus, distribution under the statute contains no requirement that

there be compensation. In addition, this situation does not resemble the "casual

sharing of marijuana" that the statute was designed to address, but rather a

payment in kind for arranging the transaction. Garcia-Echaverria v. United

States, 376 F.3d 507, 514 n.5 (6th Cir. 2004). The only evidence suggests that

the amount of marijuana given to Jolena was not akin to "casual sharing" but

compensation for brokering the transaction, particularly given the items found in

-6-

the backpack—tools of the drug trafficking trade.  See United States v. Martinez, 938 F.2d 1078, 1083 (10th Cir. 1991) (quotation omitted).  With a tenuous legal theory and an absence of record facts supporting the desired inference, the district court's failure to instruct is not plain error.

Mr. Eddy also argues that if Count 2 for distribution is reversed, the jury instructions on Count 3 are improper.  Mr. Eddy argues that the elements instruction for Count 3 is improper because it explains that possession of a firearm may be in furtherance of the drug trafficking crime described in either Count 1 or Count 2.  Because we find an absence of plain error on Count 2, Mr. Eddy's second argument on appeal must be rejected.

AFFIRMED.