**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAKOTA MACH,

Defendant - Appellant.

No. 11-1189

D. Colorado

(D.C. No. 1:10-CR-00195-CMA-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Introduction

Appellant Dakota Mach was charged in a two-count indictment with drug and firearm offenses. Mach proceeded to trial and was convicted on both counts.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court sentenced him to eighty-four and thirty-six month terms of imprisonment, to be served concurrently. Mach appeals his sentence and conviction, arguing the district court plainly erred by increasing his base offense level pursuant to U.S.S.G. § 2K2.1(a)(2) based on the court's conclusion his prior Colorado conviction for possession of a short shotgun is a crime of violence. He also challenges the district court's refusal to give the reasonable-doubt instruction he proposed. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Mach's conviction and sentence.

## II. Background

After a jury trial, Mach was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 1"). He was also convicted of possessing a controlled substance, in violation of 21 U.S.C. §§ 844(a) and 851 ("Count 2"). After the guilty verdict, a Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. After grouping the two offenses and applying a two-level increase under U.S.S.G. § 2K2.1(b)(4)(A) to Mach's base offense level of fourteen, the PSR arrived at a total offense level of sixteen. Mach's criminal history score of twenty-two placed him in Criminal History Category VI. Based on the criminal history category and total offense level, the PSR initially calculated an advisory guidelines range of forty-six to fifty-seven months' imprisonment. The PSR recommended imposing a sentence at the top of the advisory range because of Mach's extensive criminal history.

-2-

After preparation of the PSR, the Government filed a motion requesting the district court depart upward from the advisory guidelines range on the basis a Criminal History Category VI substantially under-represented the seriousness of Mach's criminal history. In the alternative, the Government argued the court should impose a ninety-two-month term of imprisonment, an upward variance of thirty-five months from the top of the advisory guidelines range. Mach opposed the Government's motion, arguing the fifty-seven-month sentence recommended in the PSR was sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). On the day before Mach's sentencing hearing, the Government filed an additional sentencing pleading, asserting Mach's base offense level was higher than initially calculated in the PSR. The Government argued Mach's 1994 Colorado conviction for possession of a sawed-off shotgun qualified as a crime of violence within the meaning of U.S.S.G. § 2K2.1 and, thus, his base offense level should increase by six levels, from fourteen to twenty. The district court continued the sentencing hearing to provide Mach with an opportunity to address the Government's assertions. Mach thereafter filed a motion for a variant sentence and also objected to the Government's calculation of his offense level, arguing the Government waived the crime-of-violence argument by not asserting it in a timely manner.

At the sentencing hearing, Mach did not contest that his 1994 Colorado conviction is a crime of violence. The district court, after fully considering

Mach's waiver argument, applied the § 2K2.1 enhancement and concluded

Mach's base offense level was twenty and his total offense level was twenty-two.

The court then considered Mach's request for a fifty-seven month sentence on

Count 1, a variance from the advisory guidelines range of 84-105 months'

incarceration. The court denied Mach's request for a downward variance and also

denied the Government's request for an upward variance, sentencing Mach to

eighty-four months' imprisonment on Count 1, the low end of the advisory

guidelines range.[1]  Mach then filed this appeal.

## III.  Discussion

### A.  Crime of Violence Enhancement

Mach argues his sentence is procedurally unreasonable because the district

court incorrectly calculated his advisory guidelines range.  *See United States v.*

*Hildreth*, 485 F.3d 1120, 1127 (10th Cir. 2007) ("To impose a procedurally

reasonable sentence, a district court must calculate the proper advisory Guidelines

range . . . ." (quotation omitted)).  Specifically, Mach asserts the court erred by

applying a base offense level of twenty because he committed the instant firearm

offense "subsequent to sustaining one felony conviction of . . . a crime of

violence."  U.S.S.G. § 2K2.1(a)(4)(A).  He argues his 1994 Colorado conviction

cannot be used to establish his base offense level because it is not a crime of

_____

[1]Mach was also sentenced to thirty-six months' imprisonment on Count 2, the statutory maximum sentence, to be served concurrent to his eighty-four-month sentence.

violence.  Recognizing this argument was not raised before the district court, Mach concedes we review only for plain error.  *See United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010).  Under this standard of review, Mach "has the burden of showing (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights."  *United States v. Begaye*, 635 F.3d 456, 470 (10th Cir. 2011) (quotation omitted).  Even if Mach can overcome these three hurdles, this court will exercise its discretion to correct the error only if "it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quotation omitted).

In 1994, Mach was convicted of possessing a dangerous weapon, specifically a "short shotgun," in violation of Colo. Rev. Stat. § 18-12-102(3). Colorado law defines a short shotgun as "a shotgun having a barrel or barrels less than eighteen inches long or an overall length of less than twenty-six inches." Colo. Rev. Stat. § 18-12-101(1)(I).  Mach's Colorado conviction is not a crime of violence for purposes of § 2K2.1 unless it involved a firearm described in 26 U.S.C. § 5845(a).  *See* U.S.S.G. § 2K2.1 cmt. n.1 (defining the term "crime of violence" as having the meaning given the term in U.S.S.G. § 4B1.2(a)); U.S.S.G. § 4B1.2 cmt. n.1 (including within the term "crime of violence" the possession of a firearm described in 26 U.S.C. § 5845(a)).  In pertinent part, 26 U.S.C. § 5845(a) includes within the definition of a firearm "a shotgun having a barrel or barrels of less than 18 inches in length" and "a weapon made from a shotgun if

such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length."

Mach argues the federal definition of a firearm is not co-extensive with the Colorado definition of a short shotgun because federal law applies to a shotgun having an overall length of less than twenty-six inches only if has been *modified* whereas the Colorado definition applies to all twenty-six-inch shotguns regardless of whether they were manufactured with an overall length of less than twenty-six inches[2] or were subsequently modified.  The Government concedes the record does not indicate whether the shotgun Mach possessed was less than twenty-six inches in overall length or had a barrel less than eighteen inches.  Because the Government did not prove Mach possessed a shotgun with a barrel less than eighteen inches or a *modified* shotgun with an overall length of less than twenty-six inches, Mach argues the district court erred in concluding the short shotgun he possessed was a firearm that subjected him to the heightened base offense level set out in § 2K2.1(a)(4)(A).

---

[2]It is unclear from the record whether any manufacturer produces a shotgun with an overall length of less than twenty-six inches.  If not, then as a matter of fact, the federal definition is identical to the Colorado definition.  The Government, however, has not advanced this argument and has not argued Mach's claim cannot be reviewed for plain error because his failure to raise his argument below prevented the district court from making necessary factual findings.  *See United States v. Easter*, 981 F.2d 1549, 1556 (10th Cir. 1992) ("[P]lain error review is not appropriate when the alleged error involves the resolution of factual disputes.").

Neither Mach nor the Government has identified precedent from either the Supreme Court or this circuit addressing and definitively deciding whether a shotgun less than twenty-six inches in length meets the § 5845(a) definition of a firearm even if it was not modified. Mach argues the district court's calculation was nonetheless plainly erroneous because the statute is clear on its face. *Cf. United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003) (holding the absence of controlling precedent does not prevent a finding of plain error if the district court's interpretation of a Sentencing Guideline was clearly erroneous). He also argues he has satisfied the third prong of the plain error test by showing his advisory guidelines range would be 46-57 months instead of 84-105 months if the court had not applied § 2K2.1(a)(4)(A). It is unnecessary to resolve the open question of whether federal law is co-extensive with Colorado law because even if we assume the district court clearly or obviously erred by applying the enhancement and also assume the court's presumed error affected Mach's substantial rights, Mach has failed to satisfy the fourth prong of the plain-error test.

In the exercise of its discretion, this court only corrects plain error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Eddy*, 523 F.3d 1268, 1270 (10th Cir. 2008). To meet this standard, Mach bears the burden of showing that the failure to correct the district court's error would result in a miscarriage of justice. *Id*.

-7-

"[S]entencing error meets the fourth prong of plain-error review only in those rare cases in which core notions of justice are offended." *United States v. Sierra-Castillo*, 405 F.3d 932, 941 (10th Cir. 2005) (quotation omitted). Mach has wholly failed to meet his burden, neglecting to even mention the fourth prong of the plain-error test in his appellate briefing.

Notwithstanding the absence of any relevant argument from Mach, we have reviewed the record and applicable law and have no doubt the district court's presumed error did not result in a miscarriage of justice. Mach has never argued he did not actually possess a short shotgun. Construing his argument in the light most favorable to him, we will accordingly assume his Colorado conviction was based on his possession of an unmodified shotgun with an overall length of less than twenty-six inches. As Justice Ginsburg has indicated in a concurring opinion, "[t]he Nation's legislators chose to place under a registration requirement only a very limited class of firearms, those they considered especially dangerous." *Staples v. United States*, 511 U.S. 600, 622 (1994) (Ginsburg, J., concurring). Short shotguns are part of that "very limited class" and we can conceive of no basis upon which to conclude that a factory manufactured shotgun with an overall length of less than twenty-six inches is any less dangerous than a shotgun that has been so modified. "Criminals' use of short-barreled or 'sawed-off' shotguns is particularly dangerous, and thus worthy of enhanced punishment . . . because a shortened shotgun is easier to conceal and

-8-

wield." *United States v. Hall*, 972 F.2d 67, 70 (4th Cir. 1992). A shotgun that was originally manufactured with an overall length of twenty-six inches is just as easy to conceal, and thus just as dangerous, as a twenty-six-inch shotgun that has been altered to that length. Accordingly, because Mach actually possessed an "especially dangerous" weapon, application of the six-level enhancement did not result in a miscarriage of justice and Mach is not entitled to a new sentencing hearing.

### B. *Reasonable Doubt Instruction*

Mach also challenges the district court's refusal to give his proposed reasonable doubt instruction. Specifically, Mach requested that the following sentence be added to the instruction proposed by the district court: "If the jury views the evidence in the case as reasonably permitting either of two conclusions, one of innocence, the other of guilt, the jury must, of course, adopt the verdict of innocence." Mach conceded this court has previously disapproved of the language he proposed, but he represented to the court that he would "waiv[e] any error if that were to be the case on appeal." *United States v. Dowlin*, 408 F.3d 647, 666 (10th Cir. 2005) ("[T]he two-inference language should not be used because, standing alone, such language may mislead a jury into thinking that the government's burden is somehow less than proof beyond a reasonable doubt." (quotation omitted)).

Mach argues his proposed instruction reflected his theory of the case. "A defendant is entitled to an instruction on his theory of the case if the instruction is a correct statement of the law, and if he has offered sufficient evidence for the jury to find in his favor." *United States v. Pinson*, 542 F.3d 822, 831 (10th Cir. 2008). A district court's refusal to issue such instruction when requested by a defendant is reviewed for an abuse of discretion. *Id.* The Government asserts Mach's challenge can only be reviewed for plain error because he did not present his "theory of the case" argument to the district court. *See United States v. Burke,* 571 F.3d 1048, 1057 (10th Cir. 2009) ("[W]hen a defendant pursues a particular theory or objection, but fails to raise another closely related argument, he has forfeited the argument and we review only for plain error."). Mach's claim fails under either standard of review.

Although this court has held that the language proposed by Mach "standing alone . . . is imprecise and should not be used" because it may dilute the Government's burden of proof, it is not technically incorrect. *Dowlin*, 408 F.3d at 666 (citing *United States v. Khan*, 821 F.2d 90, 93 (2d Cir. 1987) in which the Second Circuit stated the language "is obviously correct as far as it goes"). However, a defendant's "theory of defense instruction is required only if, without the instruction, the district court's instructions were erroneous or inadequate." *United States v. Williams*, 403 F.3d 1188, 1195 (10th Cir. 2005) (quotations omitted). Having reviewed the record, we conclude the reasonable doubt

instruction given by the district court accurately stated the law and was neither erroneous nor inadequate. Indeed, Mach does not argue otherwise. Thus, the district court did not abuse its discretion or clearly err in refusing to given the instruction proposed by Mach.

**IV. Conclusion**

Mach's convictions and sentence are **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge