In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1130

MING WEI CHEN,

*Petitioner,*

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A047-862-290

ARGUED JULY 7, 2017 — DECIDED JULY 20, 2017

Before WOOD, *Chief Judge*, and BAUER and FLAUM, *Circuit Judges*.

WOOD, *Chief Judge*. Ming Wei Chen, a lawful permanent resident originally from China, was ordered removed from the United States as an alien convicted of a controlled-substance crime, see 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Board of Immigration Appeals decided that Chen is ineligible for can-

cellation of removal because of an Illinois conviction for possessing more than 30 but not more than 500 grams of marijuana, 720 ILCS § 550/5(d). This, the Board thought, qualifies as an aggravated felony; if that is correct, then Chen is indeed ineligible for the relief he seeks. 8 U.S.C. § 1229b(a). Chen seeks review of that ruling in this court. We conclude that the Board misapplied the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), when it characterized Chen's conviction under ILCS § 550/5(d) as an aggravated felony. We therefore grant his petition for review and return the case to the agency for further action.

## I

Chen was 11 years old when his parents brought him to the United States and he became a permanent resident. About nine years later, in 2010, he pleaded guilty to possessing with intent to deliver more than 10 but not more than 30 grams of marijuana, 720 ILCS § 550/5(c), and he was sentenced to 24 months' probation. In 2011 he pleaded guilty to possessing with intent to deliver more than 30 but not more than 500 grams of marijuana, 720 ILCS § 550/5(d), after police located in his vehicle 462.8 grams of marijuana that he intended to sell. He again was sentenced to 24 months' probation. In 2016 he came to the attention of immigration officials when he went through U.S. customs as he was returning from a trip to China. Immigration officials initiated removal proceedings that charged him with being inadmissible and removable on account of his 2010 and 2011 Illinois marijuana convictions, see 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Chen conceded his removability, but he argued that he was eligible for cancellation of removal, see 8 U.S.C.

§ 1229b(a). Section 1229b(a) provides that the Attorney General may cancel the removal of a person who has been a lawful permanent resident for at least five years, has resided in the United States continuously for seven years after being admitted, and has not been convicted of an "aggravated felony." Only the last criterion is at issue here: Chen contended that his 2011 conviction for possessing marijuana with intent to deliver does not qualify as an aggravated felony.

Aggravated felonies, for immigration purposes, include "drug trafficking crime(s) (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). That definition includes "any felony punishable under the Controlled Substances Act [CSA]," and that Act categorizes as a felony any offense for which the "maximum term of imprisonment authorized" is more than one year, 18 U.S.C. § 3559(a)(5), (6). To determine whether a state conviction qualifies as an aggravated felony, the court must consider "whether the state statute defining the crime of conviction categorically fits within the generic federal definition." *Moncrieffe*, 133 S. Ct. at 1684 (quotation marks omitted). In addition, and critically for this case, the Supreme Court said in *Moncrieffe* that the court "must presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Id.* (quotation marks omitted).

Chen argued that his 2011 conviction is not an aggravated felony because 720 ILCS § 550/5(d) punishes conduct that would be a misdemeanor under the CSA. *Moncrieffe*, he points out, held that a Georgia conviction for possession with intent to distribute marijuana was *not* an aggravated felony. In that case, the fact of the defendant's conviction "standing alone,

[did] not reveal whether either remuneration or more than a small amount of marijuana was involved. It is possible neither was." *Id.* at 1686. Applying the categorical approach, the Court thus concluded that Moncrieffe had not been convicted of an aggravated felony, because the state's statute defined his crime of conviction broadly enough to punish federal marijuana misdemeanors. See 21 U.S.C. § 841(b)(4) (stating that any person who distributes "a small amount of marihuana for no remuneration shall be treated as provided in" 21 U.S.C. § 844, which means for our purposes punished as a misdemeanant.) In reaching that decision, the Court expressly declined to define the term "small amount." *Id.* at 1686 n.7. It took this position even as it quoted from the Board's decision in *Matter of Castro Rodriguez*, 25 I & N. Dec. 698, 703 (BIA 2012), where the Board said that 30 grams "serve(s) as a useful guidepost" for what counts as "small." 133 S. Ct. at 1686 n.7.

Chen maintained that the least of the acts criminalized by 720 ILCS § 550/5(d) is the possession of a hair over 30 grams—call it 30.0001 grams. He argued that this weight is not "markedly different" from 30 grams. Furthermore, he emphasized, the 30-gram level was only a guidepost, not a rigid line, and "more than" 30 grams could be just a tiny amount above that mark.

The Immigration Judge decided that Chen was statutorily ineligible for cancellation of removal. The IJ concluded that Chen's 2011 conviction was categorically an aggravated felony. She reasoned that none of the conduct that the state statute prohibited would fall within the federal misdemeanor "exception" discussed in *Moncrieffe*, because the Illinois law covers "more than 30 grams but not more than 500 grams" of cannabis. Anything "more than 30 grams," the IJ thought, is

necessarily more than a "small amount" as *Moncrieffe* used the term.

Chen appealed to the Board, arguing that the IJ erred in deciding that his 2011 conviction was an aggravated felony. He reiterated that under the CSA just over 30 grams could be a small amount, consistent with "social sharing." The Board dismissed his appeal. It agreed with the IJ that Chen's 2011 conviction qualified as an aggravated felony because, it thought, any amount of marijuana in excess of 30 grams, even just the 30.0001 Chen postulated, was automatically more than the small amount "contemplated by the Court in *Moncrieffe*," and thus the "small amount" exception in 21 U.S.C. § 841(b)(4) did not apply.

## II

Chen's petition focuses on the issue he has raised throughout these proceedings: whether the Board erred in deciding that his conviction under 720 ILCS § 550/5(d) for possessing more than 30 grams of marijuana necessarily involves conduct that would be a felony under the CSA. (At this point, no one is arguing that the 2010 conviction for "more than 10 but not more than 30 grams" provides an alternative basis for the Board's decision.) Chen maintains that the statute under which he was convicted in 2011 covers conduct treated as a misdemeanor under the CSA pursuant to section 841(b)(4), because it would be possible to violate 720 ILCS § 550/5(d) by distributing only 30.0001 grams of marijuana for no remuneration. See also 21 U.S.C. §§ 844(a), 844a(a). Nothing in 720 ILCS § 550/5(d) requires payment, he notes, and *Moncrieffe* indicates that "just over 30 grams" may be a "small amount" of marijuana under the CSA. He contends that the Board and the IJ, by deciding that any amount even a shade

over 30 grams cannot be "small," improperly treated the Board's 30-gram "guidepost" as a rigid upper limit, contrary to the ruling in *Moncrieffe*. The government argues that the Board and IJ correctly applied the CSA because "more than 30 grams" exceeds the Board's guidepost.

This court has not had the occasion in an immigration case to define the term "small amount" as used in section 841(b)(4) of the CSA. This is a legal question over which we have jurisdiction, see 8 U.S.C. § 1252(a)(2)(D), and our review is *de novo*. See *Delgado v. Holder*, 674 F.3d 759, 766 (7th Cir. 2012). Congress left it to the courts to decide this question. *United States v. Damerville*, 27 F.3d 254, 258–59 (7th Cir. 1994). In 1994, we held in *Damerville* that 17.2 grams of marijuana was not "small" where the facts showed that it was being smuggled into a prison. *Damerville* is of limited value, however, because it was decided during an earlier era before the Supreme Court rejected a fact-specific approach and substituted the categorical approach it now requires. See *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567–68 (2017); *Moncrieffe*, 133 S. Ct. at 1684. More recently, in the context of determining relevant conduct for the sentencing guidelines, we commented that two ounces (56.4 grams) of marijuana can be a small amount consistent with personal use. See *United States v. Olson*, 408 F.3d 366, 374 (7th Cir. 2005) (remanding for resentencing because district court's reason for not counting the possession offense as relevant conduct was unclear).

In Chen's case, the Board offered two reasons for adopting a rule that "small amount" means exactly 30 grams or less. First, it decided that a weight of "at least 30 grams" cannot be small because *Moncrieffe* "contemplated" that only 30 grams or less is a small amount. But as we noted earlier, that is not

what *Moncrieffe* said. To the contrary, it explicitly reserved the issue of what amount is small enough for federal misdemeanor treatment. *Moncrieffe*, 133 S. Ct. at 1686 n.7 ("The meaning of 'small amount' is not at issue in this case, so we need not, and do not, define the term."). Second, the Board relied on its own decision in *Castro Rodriguez*, in which it said that 30 grams or less would "serve as a useful guidepost in determining whether an amount is 'small,'" and observed that

> [t]he courts have concluded that no fixed quantity of marijuana may resolve in every case whether an amount is "small" because the determination may also depend on the context in which the drug was distributed. For example, less than 30 grams may still not be deemed small if it was distributed in a setting, such as a prison, where possession of any controlled substance poses security concerns.

25 I. & N. Dec. at 703.

We are not required to give the Board's interpretation of the CSA any particular deference. See *Gonzales-Gomez v. Achim*, 441 F.3d 532, 534 (7th Cir. 2006). And although we may always consult the Board's reasoning for its persuasive value, see *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), the result of that consultation here leaves us unpersuaded. To the extent that the Board's ruling relies on the rationale of *Castro Rodriguez*, it is flawed. *Castro Rodriguez's* fact-specific interpretation method is incompatible with the categorical approach because it fails to look exclusively at the statute of conviction. See *Esquivel-Quintana*, 137 S. Ct. at 1567–68; *Moncrieffe*,

133 S. Ct. at 1684. Second, *Castro Rodriguez* relied on the Third Circuit's decision in *Catwell v. Att'y Gen. of the U.S.*, 623 F.3d 199, 209 (3d Cir. 2010), but we do not find the latter opinion to be helpful. The question before that court was quite different: whether 120.5 grams of marijuana is a "small amount" for purposes of section 841(b)(4). That is a far cry from a shade above 30 grams. Second, finding no statutory language defining what is "small," the court turned to legislative history and a few casual remarks by one senator to the effect that "small amount" might mean just a joint or two. 623 F.3d at 208–209. Stray comments reported in the Congressional Record are, however, poor indicators of a law's meaning. See *Conroy v. Aniskoff*, 507 U.S. 511, 520 n.2 (1993) (Scalia, J., concurring); *Heinz v. Cent. Laborers' Pension Fund*, 303 F.3d 802, 809–10 (7th Cir. 2002), *aff'd*, 541 U.S. 739 (2004).

In addition, *Catwell* interpreted the term "small amount" in section 841(b)(4) by relying on an entirely different, and in our view inapposite, subsection of the Immigration Act, 8 U.S.C. § 1227(a)(2)(B)(i). Section 1227 deals with the subject of "deportable aliens," and subpart (a)(2)(B) lists the controlled-substance offenses that render a person removable. Subpart (i) of subpart (B) includes any law relating to controlled substances "other than a single offense involving possession for one's own use of 30 grams or less of marijuana." Anyone who fits within that safe harbor, however, is not removable at all, and so would have no need to seek cancellation of removal. In addition, reliance on section 1227(a)(2)(B)(i) disregards the distinction Congress drew, for purposes of cancellation of removal, between permanent residents and nonpermanent residents. Congress explicitly made nonpermanent residents ineligible for cancellation of

removal if they have been convicted of certain crimes, including *either* a controlled-substance offense *or* an aggravated felony. See 8 U.S.C. § 1229b(b)(1) (cross-references to sections 1182(a)(2) and 1227(a)(2) add controlled substance offenses). In contrast, it conditioned permanent residents' eligibility only on the absence of an aggravated-felony conviction, expressly excluding the controlled-substance ground. See *id.* § 1229b(a)(3). If a statute reflects that Congress considered the possibility of including a term and decided against inclusion, courts should not read that term into the statute. See *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013). That is what Congress did here: it provided an additional ground for making nonpermanent residents ineligible for cancellation of removal—commission of a controlled-substance offense—while for permanent residents it listed only the commission of an aggravated felony.

We find little guidance in the decisions of our sister circuits about the meaning of "small amount." They have relied most often on the ambiguous comments during legislative debates and have held that the term "small amount" refers to a weight consistent with "social sharing among friends." See *United States v. Eddy*, 523 F.3d 1268, 1271 (10th Cir. 2008); *Garcia-Echaverria v. United States*, 376 F.3d 507, 514 n.5 (6th Cir. 2004); *United States v. Outen*, 286 F.3d 622, 637–38 (2d Cir. 2002). We realize that at some point the line between "small" and "more than small" will have to be drawn, but we see no need to draw it here, since the Illinois statute uses as its point of reference almost the same 30-gram level that the *Moncrieffe* Court was considering.

The Board erred by reading *Moncrieffe* as if that decision interpreted the CSA's term "small amount." Nothing in

*Moncrieffe* supports the conclusion that the possession of a tad more than 30 grams of marijuana—the lowest amount punishable under 720 ILCS § 550/5(d)—can never be punished as a federal misdemeanor. The Board erred as a matter of law in this respect, when it found that Chen's conviction under that provision qualifies as an aggravated felony.

We GRANT the petition for review and remand to give the Board the opportunity to decide whether to exercise its discretion to grant cancellation of removal.