**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-2935

———————

GLENNIS ELIAS JUNIOR HARVE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————

On Petition for Review from an Order of
The Board of Immigration Appeals
(Agency No. A047-224-684)
Immigration Judge: Daniel A. Morris

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2019

———————

Before: SHWARTZ, FUENTES, and FISHER, Circuit Judges.

(Opinion Filed:  October 17, 2019)

———————

OPINION*

———————

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Glennis Elias Junior Harve petitions for review of the Board of Immigration Appeal's ("BIA") decision denying him cancellation of removal. Because Harve's state marijuana conviction is not a categorical match to a federal drug felony, he is not disqualified from receiving such relief, and so we will grant the petition for review.

I

Harve is a native and citizen of Antigua and Barbuda and has lived in the United States as a lawful permanent resident since 2001. In 2015, Harve was convicted of possession with the intent to distribute marijuana under N.J. Stat. Ann. § 2C:35-5(a)(1), (b)(11). The Department of Homeland Security initiated removal proceedings under the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for a conviction involving a controlled substance. Harve's charge of removability was sustained, and he applied for cancellation of removal.

The Immigration Judge ("IJ") denied Harve's application and ordered him removed because his drug conviction made him statutorily ineligible for cancellation under 8 U.S.C. § 1229b(a). The IJ examined Harve's New Jersey statute of conviction and concluded that Harve failed to show that his conviction did not match the Controlled Substances Act's ("CSA") definition of a federal drug felony. See e.g., 21 U.S.C. § 841. The IJ found that Harve did not carry his burden at the cancellation stage to prove his state crime only "involved . . . a few grams" of marijuana and the CSA only exempts a

2

"small amount" of marijuana from felony classification. AR 141.[1] The BIA adopted the

IJ's reasoning and affirmed. Harve petitions for review.

## II[2]

### A

A petitioner bears the burden to prove his eligibility for cancellation of removal,

see Syblis v. Att'y Gen., 763 F.3d 348, 352 (3d Cir. 2014) (citing 8 U.S.C.

§ 1229a(c)(4)(A)(i)), including that he was lawfully admitted to the United States as a

permanent resident for no less than five years and continuously resided in the United

States for no less than seven years after admission, 8 U.S.C. § 1229b(a)(1)-(2).

An alien is ineligible for cancellation of removal if he is convicted of an

aggravated felony. Id. § 1229b(a)(3). We must therefore determine whether the

petitioner's prior conviction constitutes an aggravated felony that would render him

---

[1] The IJ also found that Harve's conviction (1) did not meet the personal use exception under the INA and (2) could not constitute an aggravated felony as an act of illicit drug trafficking "because his conviction lacks a commercial element." AR 137.

[2] The IJ had jurisdiction under 8 C.F.R. § 1208.2, and the BIA had jurisdiction over the appeal pursuant to 8 C.F.R. §§ 1003.1(b) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a).

Our review is typically restricted to the BIA's decision, Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001), but where the BIA adopts the IJ's opinion, we also review the IJ's opinion, Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). Where an individual is subject to removal as a criminal, we may only review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(C)-(D)); 8 U.S.C. § 1227(a)(2)(A)(iii); see Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc), such as whether a conviction constitutes an aggravated felony, Singh v. Att'y Gen., 839 F.3d 273, 282 (3d Cir. 2016), which we review de novo, Quao Lin Dong v. Att'y Gen., 638 F.3d 223, 227-28 (3d Cir. 2011).

3

ineligible for relief.[3]  See Evanson v. Att'y Gen., 550 F.3d 284, 288-89 (3d Cir. 2008);

see also Singh v. Att'y Gen., 839 F.3d 273, 278 (3d Cir. 2016).  To do this, we apply the

"categorical approach," which requires us to compare the elements of the offense of

conviction with the corresponding generic federal felony.[4]  Moncrieffe v. Holder, 569

U.S. 184, 190 (2013).  The fact-based inquiry concerning other components for

cancellation differs from the purely legal question presented by the categorical approach.[5]

See Marinelarena v. Barr, 930 F.3d 1039, 1049-50 (9th Cir. 2019) (en banc).

In this case, the IJ incorrectly focused on the facts underlying Harve's crime of

conviction.  See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) ("In evaluating

whether a state violation is analogous to a federal felony, we look to the elements of the

statutory state offense, not to the specific facts.").  In Moncrieffe, the Supreme Court

expressly rejected the idea that aliens have "an opportunity during immigration

proceedings to demonstrate that their predicate marijuana distribution convictions

involved only a small amount of marijuana and no remuneration," because "such case-

specific factfinding in immigration court" "is entirely inconsistent with both the INA's

text and the categorical approach."  569 U.S. at 200.  Therefore, the IJ erred.

---

[3] The burden of proof for cancellation of removal is inapplicable to the purely legal question of whether an alien has a disqualifying conviction rendering him ineligible for such relief.  Marinelarena v. Barr, 930 F.3d 1039, 1049 (9th Cir. 2019) (en banc).

[4] Syblis is inapplicable here because it involved an "inconclusive record of conviction" as it did not identify the substance involved, 763 F.3d at 356, in which case we rejected "resort to the categorical approach," to decide whether the petitioner's state controlled substance offense related to a controlled substance under federal law, id. at 357 n.12.

[5] The analysis for identifying aggravated felonies is the same for removal and cancellation of removal.  Moncrieffe, 569 U.S. at 191 n.4.

B

We next consider the legal question of whether Harve's conviction under N.J. Stat. Ann. § 2C:35-5(a)(1), (b)(11) is a drug trafficking crime under the CSA and thus constitutes an aggravated felony. 8 U.S.C. § 1101(a)(43) (defining aggravated felony as "illicit trafficking in a controlled substance" or "drug trafficking crime" as defined by the CSA); see Evanson, 550 F.3d at 288.[6] A state drug conviction qualifies as an aggravated felony if "it would be punishable as a felony under the [CSA]." Evanson, 550 F.3d at 288. Under the "hypothetical federal felony" test, we use the categorical approach to "compare the offense of conviction to the [CSA] to determine if it is analogous to an offense under [the CSA]." Id. at 289; see Moncrieffe, 569 U.S. at 190 (applying categorical approach to determine whether a state drug offense is comparable to a CSA felony). If the statute of conviction criminalizes a broader swath of conduct than the generic federal crime, then the statute does not embody an offense that precludes cancellation relief. See Moncrieffe, 569 U.S. at 194-95 (applying categorical approach and holding that the petitioner had not been convicted of an "aggravated felony" under 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i), 1227(a)(2)(A)(iii), and 1229b(a)(3), (b)(1)(C) because his conviction could correspond to either a CSA misdemeanor or a CSA felony).

Harve's statute of conviction makes it "unlawful for any person knowingly or purposely . . . [t]o manufacture, distribute or dispense, or to possess or have under his

---

[6] Since no party challenged the IJ's finding that Harve's crime did not involve drug trafficking, the illicit drug trafficking method for determining whether a state drug conviction constitutes an aggravated felony, Evanson, 550 F.3d at 288, 289-90, is not before us.

control with intent to manufacture, distribute or dispense," N.J. Stat. Ann. § 2C:35-5(a)(1), "[m]arijuana in a quantity of one ounce [28.35 grams] or more but less than five pounds including any adulterants or dilutants, or hashish in a quantity of five grams or more but less than one pound including any adulterants or dilutants," id. § 2C:35-5(b)(11). This statute lists multiple alternative elements because the "the type of drug, insofar as it increases the possible range of penalties, is an element of the crime," United States v. Abbott, 748 F.3d 154, 159 (3d Cir. 2014), and therefore, we may consider certain documents to "determine the exact crime to which [Harve] pleaded guilty," Avila v. Att'y Gen., 826 F.3d 662, 666 (3d Cir. 2016). The charging document shows that Harve was convicted of possessing with the intent to distribute "marijuana, in a quantity of 1 ounce or more." AR 298. Having identified the crime of conviction, we compare the elements of the state offense to those of a CSA felony to determine if they match.[7] Singh, 389 F.3d at 282.

The CSA makes it unlawful to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance," 21 U.S.C. § 841(a)(1), but it includes a misdemeanor exception for "distributing a small amount of marihuana for no remuneration," id. § 841(b)(4). Thus, Harve's "state marijuana conviction is . . . equivalent to a federal drug felony if the offense involved payment [for] more than a small amount of marijuana." Evanson, 550 F.3d at 289.

---

[7] Because we must focus on the elements of the conviction, a petitioner's specific conduct that led to the conviction is "irrelevant." Moncrieffe, 569 U.S. at 190 (citation omitted).

6

The parties agree that Harve's conviction involved possession with the intent to distribute for no remuneration. We must therefore determine whether the statutory offense covers a small amount of marijuana. If it does, then it is not a CSA felony. We have observed that "the distribution of 30 grams or less of marijuana without remuneration is not inherently a felony under federal law." Steele v. Blackmun, 236 F.3d 130, 137 (3d Cir. 2001); see Catwell v. Att'y Gen., 623 F.3d 199, 209 (3d Cir. 2010) (holding 120.5 grams is not a small amount under § 841(b)(4)).[8] Congress used a 30-gram threshold in other INA provisions to carve out "exempt[ions] from the harsh immigration consequence[s]" for "those convicted of a misdemeanor drug crime." Sambare v. Att'y Gen., 925 F.3d 124,128 (3d Cir. 2019); see 8 U.S.C. § 1227(a)(2)(B)(i) (removal exception for drug offenses involving 30 grams or less of marijuana for personal use); 8 U.S.C. § 1182(h) (waiver of inadmissibility exception for a single simple possession offense involving 30 grams or less). Moreover, some of our sister circuits have defined a small amount of marijuana as 30 grams or less, see Hylton v. Sessions, 897 F.3d 57, 61-62 (2d Cir. 2019); Guevara-Solarzano, 891 F.3d 125, 132 (4th Cir. 2018); Ming Wei Chen v. Sessions, 864 F.3d 536, 540 (7th Cir. 2017), which is consistent with the BIA's observation that 30 grams is a "useful guidepost in determining whether an amount is 'small,'" Matter of Castro Rodriguez, 25 I. & N. Dec. 698, 703

---

[8] In Catwell, our Court relied on various data points to reach its holding, including legislative history of the CSA and the Sentencing Guidelines, and noted that a small amount of marijuana "mean[s] the amount of marijuana an individual would be likely to use on a single occasion, in a social setting . . . . no more than one or two marijuana cigarettes, or a few grams of marijuana." 623 F.3d at 209. The Court also found instructive the INA's removal provision that relies on 30 grams of marijuana. Id.

(BIA 2012) (citing Catwell, 623 F.3d at 209). Thus, a drug statute that criminalizes 30 grams or less of marijuana involves a "small amount" of marijuana and is not one that qualifies as a CSA felony. See Evanson, 550 F.3d at 289.

Section 2C:35-5(b)(11) penalizes those who manufacture, distribute, dispense, or possess with the intent to manufacture, distribute, or dispense a minimum of 28.35 grams of marijuana. Comparing New Jersey's statute to the CSA misdemeanor threshold of 30 grams, we conclude that an offense under New Jersey law includes conduct involving a "small amount" of marijuana. Because New Jersey's statute penalizes conduct that is a misdemeanor under federal law, it is not equivalent to a federal drug felony. Evanson, 550 F.3d at 289.

Therefore, Harve's offense is not a categorical match under the hypothetical federal felony test. As a result, he was not convicted of an aggravated felony that renders him ineligible for cancellation of removal under § 1229b(a).[9]

III

For the foregoing reasons, we will grant the petition for review.

---

[9] The Government alternatively asks us to remand to the IJ to determine "whether Harve must demonstrate that the amount of marijuana underlying his conviction was between one ounce, or roughly 28.35 grams, and 30 grams in order to establish eligibility for cancellation of removal." Mot. Remand at 4. As we have discussed, Harve is not required to make such a factual showing because, and as the Government acknowledges, this case is resolved by the categorical approach, which is a purely legal issue ripe for our disposition. Having decided the legal issue of whether N.J. Stat. Ann. § 2C:35-5(b)(11) is a categorical match to the CSA, remand is unnecessary.